Mr. Malik of the Appellate, Mr. Stegus of KCI Technologies, Inc. and Mr. Schumacher of the Appellate, Inc. Mr. Malik of the Appellate, Mr. Stegus of KCI Technologies, Inc. and Mr. Schumacher of the Appellate, Inc. My name is Joseph Nod. I'm the counsel for the Plaintiff Appellant in this case, Commonwealth Land Title Insurance Company. Also accompanying me today is Ms. Mary Ann Cassaway, co-counsel in this case as well. All right. Keep your voice up, please. Thank you, Your Honor. Four surveys from 2006, 2012 and 2013 and 2014 failed to inform ICG that there was a 12-inch encroachment party wall along the northern border of the property, the 912th Street border of ICG's property. The 2006 survey indicated that there was no encroachment at all. But in order for ICG... Can I just jump to standing, please, with respect to Count 1, which is a negligent breach of contract claim by your client against WMC, who did the surveys in 2012, 2013 and I guess again in 2014, right? Yes, Your Honor. So you are not in direct privity of contract with WMC. Commonwealth is not, correct? That is correct. However, because... And the complaint is a little confusing because it was pled as a subrogation and an assigned claim. But for our purposes and intents of this appeal, this is an assigned claim that ICG, by written assignment, gave to Commonwealth. So, in effect, there is standing because it's almost as if Commonwealth has a direct claim of ICG. Your brief cites Appendix 362 and 363 in support of that. But that declaration refers to an assignment of rights with respect to the KCI contract. It says nothing about an assignment of rights with respect to a contract with or claims with respect to WMC. Can you get that paragraph again for me? It's your brief to say that there is an assignment cites Appendix 362 and 363. And that's a declaration, I believe, my recollection serves, that in the operative paragraphs in that part of the declaration speak to an assignment with respect to claims against KCI. I'm talking about paragraph three of that declaration. It's at the bottom of A362. So, I mean, granted your complaint says that there is an assignment, but this document is what you cite in your brief as evidence of this assignment and it doesn't speak to any assignment with respect to WMC. Is there something in the appendix that speaks to that other than the allegation in your complaint? I do not believe so, Your Honor. Can you make a representation to the court that there is in existence an effective written assignment with respect to contract claims that ICG has against WMC? Well, my understanding initially was that it was for all rights that ICG had, not only with respect to KCI but against WMC as well. In order for me to give that representation, I think I would have to be a little bit more diligent. Well, I had exactly the same question Judge Wilkins did. And I was wondering whether maybe the assignment was, you agree you need an assignment, right, because this is a segregated claim. You need to identify an assignment in the record that allows you to bring this case, correct? Right, it was put as an assignment. So the one Judge Wilkins pointed to did not involve KCI, not Lyle. So I was wondering whether maybe the assignment is the 2007 title policy. Is that it? Well, no, that would be the subrogation aspect, because the subrogation by the policy itself gives any sort of loss payment made on the policy as a subrogated right to common law. And that is in the title policy itself. That's correct. So that's not it, right? That is not what we have asserted. Okay. So it's the document that Judge Wilkins mentioned, which doesn't refer to Lyle, correct? It does not. So then where is the assignment? Again, I would have to pull back the actual confidential settlement agreement itself, because my understanding from that settlement agreement was that it was an assignment of all the rights, not only with respect to. Is that in the record? I thought it was in the record, but apparently from this particular affidavit, it does not appear to be the case. Well, how can you, if it's not in the record, if you're telling us the assignment that gives common law the ability to pursue its claim against Lyle is not in the record, then what difference does it make whether you tell us it exists or not? The only thing I could say, Your Honor, would be that there may be an inference of that in the record. In what? So you're saying that you pled it in that paragraph of the complaint. This is a motion to dismiss. You're asking us to let it slide for now, and then the court can, the district court on remand, if you survive, can assess it at summary judgment. Is that what you're asking us to do? Yes, Your Honor. Is that paragraph 38? Is that what you're talking about? Paragraph 38 of which document? The complaint. That's the allegation that you think is sufficient to get you past summary judgment. Plaintiff is subrogated to all claims that the insured had against Lyle. That's correct, Your Honor. That's it, right? That's it. Okay. So you're, just to be sure, your argument here then is that that allegation is sufficient to survive a motion to dismiss, right? And as Judge Wilkins said, whether you can prove that you have such an assignment is just summary judgment. At summary judgment, Your Honor. That's correct. Okay. With respect to the merits, on this breach of contract claim, the appellate, I'm sorry, even if there are only notice of nominal damages, that starts the clock ticking. I didn't see anything in your reply brief to contradict right or that proposition. So isn't that the case as far as when a claim approves on a breach of contract claim, even if you know that you have, even if all you know is that there are nominal damages? That's not the case. For breach of contract claims, the discovery rule would still apply in that instance, because I think there were actually cases cited by the main case that we're relying on, the Iranat v. Malcolm Place case, cited to Hannah, as well as the seafood case, where the accrual of the actual claim does not actually begin when the act causing the injury happened, but later in time when the injury has manifested itself and the damages are sustained. So it's almost as if. That's if we decide to apply the discovery rule. I think that's actually before we go to apply the discovery rule. That's the accrual of the cause of action. So even in the Iranat case, that court recognized that the discovery rule may get us to the same place, but the accrual of the action doesn't begin until the actual injury and the cause of action, the right to sue, is there. And prior to that point in time, Commonwealth or ICG did not have a right to sue. That case would have been dismissed because there was no. But WMC does a, conducts a survey in 2012 that says that there's a two to three inch encroachment. And then in 2013, the following year, they do a second survey that says it's a four inch encroachment. So at that point, wouldn't ICG be on notice that the first survey was faulty? At least with respect to, you know, at least off by at least an inch or two. I see that my initial time is up. You can answer the question. So ICG did not have actual knowledge of the actual injury, which is the 12 foot encroachment party ball. All of the surveys prior to that, the ones that actually referenced any encroachment at all as sort of two to three inch or the four inch. But you're not answering my question. My question is, isn't there an injury when you're told that the, at least a, that at least entitles you to nominal damages? If there's a survey that says it's a two to three inch encroachment, and then you learn that it's actually a four inch encroachment, even if that's all that you know. Couldn't ICG bring a breach of contract claim at that moment? No, because there are no damages that have been incurred by ICG at that moment. With the de minimis. Aren't there at least nominal damages? Maybe. Maybe. I would say it's either the damages at that point. If it was immaterial as to their intended configuration and plan for the redesign and the development of this building, I think they were able to move forward with the four inch encroachment. And they actually planned and designed it based on the understanding that there was a four inch encroachment. So they would not be able to come into court and sue Wiles-Manchur, KCI, saying we had damages because, and maybe they could have sued for a dollar, maybe zero damages, but I think that case would have been thrown out. Good morning. May it please the court. My name is Howard Stevens. I represent KCI Technologies, Inc. in this matter. If I may, I'd like to start where the court led off with Mr. Na and Commonwealth. The inquiry was whether there would have been nominal damages or any damages. And the answer is at that point, bear in short, spent money. But you're in a completely different situation, your client. Your client made a certification in the survey that it provided in 2007, and the certification was to four parties, including Commonwealth. So your client expressly certified, you know, that it would meet its standard of care, et cetera, to Commonwealth. And they're bringing the claim directly against your client. They're not standing in anybody's shoes. They're standing in their own shoes. And I understand that, Your Honor. And in some respects, I would argue that there's a bit of an identity crisis because they are subrogated, and their damages arise from the subrogation. What Judge McFadden said at the very tail of his opinion in this case was that the negligence counts would at least accrue on June 2009, which was three years from the delivery or the performance of the KCI survey, the 2006 survey. How can that possibly be right when a negligence claim? Well, they're alleging that there was a negligent misrepresentation and that there was a negligent performance of this professional obligation, that is to say, performing the survey. And that induced them to enter into the contract. And they entered into the contract, which was the issuance of the insurance policy. That occurred back in April 2007. And the injury under the negligence standard occurred then. At that point, they had assumed the risk of insuring this obligation. What's your best case for how that's how negligence works under these sorts of facts? What's my best case on how negligence works? That's how negligence works under this sort of circumstance. Well, I would argue that what Commonwealth has attempted to do is point to this 12-inch encroachment and say, this is unacceptable. This is too big of a breach of the certification. But, in fact, the breach was first known and certainly discoverable even before December 2012. And the breach, the alleged breach, occurred and was identified in December of 2012. But Commonwealth didn't know about it until the architect told them about it. Commonwealth did not know about it. But they certainly had the information available to them. And if the court ---- Well, why did they allege they didn't? Well, they allege they didn't. The court alleges they didn't have this sort of information. Well, if you look at the appendix, A363 and 64, I believe, 365, which was the affidavit that the court was just looking at, in January 2015, they wrote to me as counsel for KCI and notified us that a claim had been made. And that could be a ---- at that point, they could have brought a case based upon the December 12 discovery. Why are we looking at that with respect to this anyway? Because that wasn't incorporated into the complaint, was it? No, it wasn't. So we're here on the 12B6. What was incorporated into the complaint was Exhibit J, which said that ICG accounted for the 4-inch encroachment in its plans. So they basically ---- they knew about the encroachment, but it wasn't going to affect the development plans and it wasn't until the wall was demolished or partially demolished that they learned that the encroachment was actually 12 inches and they couldn't account for that in its plans. Well, I don't think that that's ---- That's what's incorporated into the complaint. So that's what we have to consider at the 12B6 stage. But that is contrary to, I think, what the pleadings themselves say, which is that the representation was that there was a nominal tolerance called 0.07 on the certification. Where in the pleading ---- what part of the pleading ---- Well, they referenced back to the certification, and the certification has specific language. One of the elements that we rose in this ---- that we raised in this brief is that from a pleading standpoint, we don't believe they've even satisfied the necessary elements of duty, breach, causation, harm. They're very, very vague about it. But when you get into the attachments that are part of the complaint, the standard that they're talking about that they say they relied on, that is that the certification and the confidence was done at a standard of 0.07 inches, is different than what the allegations say. And what we do know, Your Honor, is that the letter that Exhibit J is, that references, is an afterthought. At the time that they entered into the purchase in 2007 ---- What language in the certification are you relying on to say that it defeats what they're pleading? The certification in the language talks about the standard, Your Honor. What page? At A19 and 20 is the complaint. Those are the references to the complaint, and the certification is at A46. Okay. So what language in the certification?  And the certification is that it was certified that this map or plat and the survey on which it is based was made in accordance with the minimum standard details of ALTA, jointly established. And the cross-reference is ---- There is a ---- I apologize, Your Honor. The page before on A45, which is also part of the complaint. Item 3, the allowable relative positional accuracy for measurements controlling land boundaries of ALTA surveys is 0.07 inches. This survey meets this requirement. 0.07 feet. 0.07 feet, which is about an inch. It's less than, it's certainly well less than two to three inches. And Exhibit J, the claim letter says we were okay. The insured says we were okay. I don't understand how that language, especially absence any testimony about that emotion to dismiss stage, absent any expert or other testimony about how these standards are to be read or interpreted, that we're supposed to take that to mean that they weren't certifying that they wouldn't make a mistake, a one-foot mistake. And again, we raised in our brief that from the pleading standpoint, it is not clear what they say that they relied on to induce them to enter into the contract. They have this bold, simple allegation that there was a blanket certification, and that's what they relied on for the purpose of entering into the contract. And when they entered into that contract, they now had that exposure. But doesn't the certification essentially say that we're certifying that the survey is accurate and that it meets whatever the industry standard is as far as how it was prepared? That's correct. So why aren't they relying on that when they decide to issue title insurance? Well, they may, but from a pleading standpoint, they are not alleging from a pleading standpoint how the breach in question actually breached that certification to begin with. And again, that's something. You're saying it was a foot off. But they don't say that that foot is within or without of this standard. Oh, so we should just assume that that standard from what we're reading means that you can be off by a foot in a survey and you're still within whatever the certification language means? No, but I believe that it's the plaintiff's obligation to properly plead what the duty was. They had an obligation to prepare a survey in accordance with certain standards. What the breach was, which they have not done, they've said that there's a 12-inch encroachment, which was significant, but they don't also talk about the 2- to 3-inch encroachment because that is problematic when it comes to the damages, subrogation and the alleged assignment that they have. But we just got through talking about that this is a direct claim, not a subrogated claim. That's correct. I agree with you. But the damages and the time of injury for the direct claim arose at the time that they allegedly relied on this certification. And the negligence at that point, the alleged negligence, had already been completed by KCI. Well, that would essentially write the discovery rule out of the books because, I mean, it's intended for circumstances where if there's a surgery and the surgeon leaves a sponge, by mistake, inside the patient and that's not discovered until years later, I mean, that's why you have a discovery rule. And in this case, the distinction between KCI and a surgeon or legal malpractice is when they delivered their work product, they were done. They didn't hide it. They weren't in the custody and control like a lawyer might be trying to manipulate facts. It was inaccurate. It was inaccurate and it was available to be discovered with reasonable diligence. By tearing down the wall. Or by doing an additional survey, which occurred in 2012. So a person who purchases a survey that's certified by a professional has a duty to do a second survey. That's what you want us to hold? No, Your Honor. But from a pleading standpoint, I believe that there certainly should have been additional facts here that as this Court's sitting here, I would guess that you're not familiar with all of the requirements of ALTA 2006. And there's no allegation in this complaint as to how ALTA 2006 standards were breached in this circumstance. Can you cite me a single discovery rule case that was decided on 12B6 where a court said the discovery rule doesn't apply based solely on the pleadings as opposed to summary judgment? Can I cite a 12B6? As I see it, every case that you cite that discusses whether the discovery rule applies or not is a summary judgment case. I haven't seen a single one that was a 12B6 case. Can you tell me of one? Not as I stand here. Isn't that problematic for you? I don't think it's problematic because there were additional defenses that we raised. For example, the contract that we entered into with ICG provided that there was no assignment and it provided that there were no third-party beneficiaries. And that's how we originally started our motion to dismiss was that they didn't even have standing because of the express language in our contract and the obligations that we assumed towards them. And then from a pleading standpoint, But they're saying that they don't care about what agreements you made with respect to ICG. You made a certification to them and that your negligence is a breach of the duty that you have to them. And from a pleading standpoint, Your Honor, I would argue that, as I have, that the mere statement that they relied on the negligence to induce them to issue this policy, excuse me, that they relied on the certification to induce them to enter into this title insurance policy, they do not expand or provide any facts as to say what the breach was other than everybody should assume that a 12-inch encroachment in a hidden party wall, hidden party wall, the court asked, should they tear down the building? Well, from a standard of care perspective, Commonwealth needed to allege facts as to how KCI or any other surveyor should be able to under the standard of care. Well, that might get you summary judgment on the negligence, on whether there was negligence. But that doesn't, I don't see how that gets you anywhere with respect to the discovery rule. Well, again, I think turning back to the discovery rule, the discovery rule, and of course the court knows I'm out of time, the discovery rule only applies in the circumstance where the latency is not discoverable. In the doctor situation where there's a sponge, that manifests itself. Here, our work had been delivered to the client and it sat. And it was in the custody and control at that point of ICG. And from a statute of repose standpoint, KCI should not be bound to the whims of when ICG might go and discover it and pursue their work. When they did discover it in 2012, they went to Commonwealth and said, eventually, Commonwealth, we have a problem. And at that point, Commonwealth was bound to the same knowledge because it was reasonably discoverable. But when did they notify Commonwealth there was a problem? That wasn't until 2012. September 2014. September 2014. But this case is not, for example, one of indemnity where a three-year limitation may attach at the time a payment is made. This is a direct claim. And at that point, they were aware that negligence was that issue. And they brought their claim within three years of September 2014. So what's the problem? Well, because the reasonable discovery occurred at least as of December 2012. And they can't say and they can't advance the limitation just because they were allegedly in a vacuum. Reasonable discovery under the discovery rule was available at least as of December 2012. And even though ICG made a decision that three inches or four inches was okay, they began to incur damages, that is costs, to decide what they were going to do. The entire time, they were in a property that was missing allegedly 12 feet, 4 feet, whatever that square footage was. Damages were there and they ran. Commonwealth, certainly acting under a level of due diligence, should have at least adhered to that 2012 finding if they were going to say we You say they should have done more. I say they should have done more and they certainly could have done more. There was another survey by KCI in 2014. That's right. And found no encroachment. But at that point, everybody was on inquiry notice. So they made their inquiry and you made a representation and it was once again wrong. But respectfully, Judge, the 2014 survey is not part of this appeal at this point. Well, I'm not. Well, they dropped it. I'm sorry? You are making it part of this appeal. You are arguing they were on inquiry notice. They should have made an inquiry. Okay? They made an inquiry. They're not suing because of the 2014 survey. But you claim there has to be an inquiry. They made the inquiry and once again, you made a mistake. I'm respectfully not claiming that they had to make an inquiry. I thought you said they were on inquiry notice. What does that mean? That means that based on the information that was available to Commonwealth, even as of September 14th, they were aware that an alleged negligence. What does the word inquiry and inquiry notice mean? They were a claim had come in and they understood that there was a risk. So they should make an inquiry. Well. That's what inquiry notice means. That's correct. Yeah. They made an inquiry. In fact, there were two inquiries after that. But one of them was your own client. And your own client once again said no problem. Well, I haven't focused on the 2014. But that does not undo the original alleged negligence that happened in 2006. Okay. Are there further questions? No. Thank you. Thank you. Good morning, Mr. Chief Justice, and may it please the Court. Good morning. Thank you very much for the promotion. My name is Jonathan Shoemaker, and I represent Wiles mentioned this matter. I'd like to begin with the standing issue because I think that this is a very clear point. Below, Commonwealth described its cause of action against Wiles Mensch in its briefing to the district court as, quote, a cause of action for, quote, conventional subrogation and assignment. And in their briefing to the court, they specifically cited to the provisions of the 2007 title policy as the very document that provided them all of the rights and standing that they had to pursue their claims against Wiles Mensch. What page of the appendix are you on? Joint appendix, page 346. You can see where they articulate it, and on page 347, they summarize saying that the title policy provides them all of the rights that they need in which to pursue their conventional subrogation and assignment claim against my client. But they plead in their complaint that there is, that they have been assigned rights. They plead. So, I mean, if we are supposed to, you know, give them the benefit of the doubt and accept as true the allegations in their complaint, you know, we do have to, it is fair game to look at what's referenced and incorporated by reference in their complaint. But they have at least alleged that they have been assigned the rights. Why shouldn't we just take that as true and then on summary judgment you can have discovery as to whether this assignment exists, and if it doesn't, then you get summary judgment? Because they have actually presented one issue to the court, and that is their response to our standing argument was that the 2007 title policy provides us standing to pursue our conventional subrogation and assignment claim. The cause of action is not we're pursuing a breach of contract as an assignee. The cause of action, cause of action number one, is subrogation. That's not what it says. It says subrogation and the assignment. And then perens, negligent breach of contract. I'm speaking to the title of count one, Your Honor. Yes, but paragraph 38 says subrogated to all claims and the assignment of the insurance rights. Yes, and before the district court, what they articulated as to the assignment that they had, that their claims in the complaint were based upon, is the language of the 2007 title policy. And again, that's joint appendix page 346. Commonwealth never argued that its claims against Wiles-Mensch were based on an assignment separate and apart from the 2007 title policy. Did they make an argument about the settlement agreement? Regarding the settlement agreement? Yeah. Not as it relates to Wiles-Mensch. The secret settlement agreement they didn't? Not as it relates to Wiles-Mensch. The secret settlement agreement was referenced in an affidavit attached to an opposition to the KCI motion to dismiss. And as has been pointed out, it merely and only references an assignment of claims related to KCI. So the issue here? So your argument is that they don't have a good assignment? My argument is that they have, in fact, waived the ability to raise the idea that there's an assignment other than the 2007 title policy by failing to present that issue to the district court. No, no, no. So I thought your argument was that paragraph 38 by itself is enough to survive a motion to dismiss, right? I don't believe so. I don't believe so. You don't? Well, let's assume it is. Is your point that even if it is, they have sort of pled themselves at a court by attaching the title insurance policy to the 2007 policy? Is that your point? Yes, Your Honor. That the title policy is what they've identified in their briefing to the court, and this is the Association of American Railroads v. U.S. Department of Transportation case. And basically what it says is that when there's an appeal, the presumption is that the issue has actually been presented to the district court. Did the district court resolve the case on that ground? The district court looked at this particularly. . . Did the district court resolve count one on standing? We believe that they did, in part. Can you tell me where in the district court's opinion it says that I'm resolving this not on statute of limitations but on standing? And I'd like to be very precise. I believe it's joint appendix page 417. The district court said that the, quote, the relevant survey for which damages can be awarded is the KCI 2006 survey. And I'll be free to fully acknowledge that in its opinion, the district court did not expressly state that it was granting our motion as it relates to the standing issue or expressly stating that it reserved ruling on that issue. But on joint appendix page 417, when discussing the concept of the discovery rule, the court specifically held that the relevant survey for which damages can be awarded is the KCI 2006 survey. So we believe that that. . . But what does that have to do with whether there was an assignment or not? We believe. . . I believe that that. . . What that says is that the court has considered the standing. . . Where did it say I've considered the standing? It's. . . It's. . . It's baked into the. . . The entire standing argument was that there was no claim that. . . Maybe. . . Maybe you can read the district court's mind better than we can. No. I don't see any words about standing. I absolutely agree that. . . Let me ask you another question. So somebody claims that there's a contract and they're entitled to damages because of a contract. Yes. Is the question of whether they have a contract a question of standing or a question of the merits? As it relates to the standing, it's whether or not they've pleaded. And in this particular place, they. . . Somebody pleaded that they have a contract. I'm talking about this case. I have a contract. You breach the contract. Is your challenge to whether they have a contract a standing question or a merits question? As it relates to whether they have a contract, that's a merits question. Okay. So here the question is do they have an assignment or not, right? Correct. Your argument is they don't have an assignment. Well, my argument is that they've alleged subrogation and they've identified what the document is, the contract that they said. . . And you think that that does not constitute an assignment of the rights that are at issue in this case? Correct. Is that a merits claim or a standing claim? No, that's a merits claim. And they've acknowledged before this court. . . So we don't have a Article III jurisdictional standing claim. We have a merits claim. We have a 12b-6 argument on your behalf, not a 12b-1 jurisdictional argument on your behalf. Correct.  Yes. Okay, so normally with respect to both, we assume the truth of what the complaint says unless it's not plausible. If it weren't for this incorporation or reference in the briefs, you would agree that this would be sufficient. Somebody alleges an assignment, you've got to go and do summary judgment, correct? As it relates . . . if there wasn't an attached document that clarified, yes. All right. Now, the complaint itself, though, doesn't say, and here is the assignment, see this other document. So it's the briefs that you're relying on, right? Correct. It's their briefing and their arguments to the district court. Now, just tell me again, where in their brief do they say the assignment is the insurance document? You can find it on page joint appendix 346 and 347. All right. Tell me which words you're talking about. 346, from the bottom of page 346, you can see where they cite their case, the language from the 2007 title insurance policy. And if you go up to the very first section of paragraph on 346, they describe their case as being one of conventional subrogation and assignment in a quote. I'm sorry. There's a lot of words on there. Just tell me where it is again. On page 346, the very first paragraph, fourth line, describes their claim as being one for conventional subrogation and assignment. Yes. And then down at the bottom of page 346 on to 347, they cite to the language from the 2007 title policy, which they say is the subrogation and assignment right that they have. Where does it say this is the subrogation and assignment? I see that it's the one. I'm going to go to the very last sentence of this section. It states, accordingly, plaintiff has stated more than sufficient facts to prevail in its subrogation claim against WMC under the express terms and agreement of the title policy, whereby plaintiff squarely stands in the shoes of the insured and may properly pursue the claim for breach of contract against WMC without the amorphous balancing of equities. So in other words, they don't reference assignment at all. They only reference subrogation. They reference the assignment in the very first paragraph. And then you're saying they provide no evidence of. Their entire argument is this is the document that provides us standing. That's their opposition. That's what they argued to the district court. They never argued that there was an assignment outside the confines of the 2007 title policy that they attached to the complaint. Other questions? Okay. Thank you. Is there time left? We'll give you another two minutes. Go ahead. Thank you, Your Honor. Can you answer this particular question? Where, if anywhere, did you explain what the evidence of assignment was or what the nature of the assignment was or that the assignment was different from the title policy? That's correct, Your Honor. I thought I was, I guess I was mistaken in that the affidavit that we submitted only included reference to the KCI agreement, which is not related to this specific account. Did you submit the affidavit for proof of count one or only the other counts? That's. In response to an argument about count one or only the other? Well, at that time, I think it was in response to all the counts we're pending. At this point, there's only three counts. So I guess at this point, only count one is the only issue, the count that involves subrogation or an assigned claim. Would you make a reference to the affidavit somewhere in your briefs below at all? Well, the brief, the affidavit was attached to the brief. Right, I understand. But does the brief then cite it somewhere? I'm just trying to figure out. So opposing counsel has pointed out that he believes to be the only place where you reference the assignment. And as to that, the only reference is really only to subrogation. Is there another place where you reference the settlement? I believe that what in that footnote in that brief was the only reference. Footnote in where? I turn with the same brief. The memorandum points authorities in opposition to Wiles mentions motion to dismiss. I believe that's correct, because the reference to the actual affidavit was also, I believe, in a footnote. Let's see. I'm not able to distinguish between the different various memorandums here. Is it in opposition to the brief? I believe that's correct. There's no footnotes in that one. I'm trying to get to the affidavit because it looks like it's referenced at a three fifty six. At the first full paragraph at the top of the page, the second sentence, it says ICGLLC is an affiliated entity of the insured in the 2006 KCI professional services agreement was assigned by ICGLLC to plaintiff C Exhibit 1, which is this affidavit. I'm not seeing anywhere else in that pleading where there's a reference to Exhibit 1, but could have missed it. I do not believe there was a specific reference. I guess, unfortunately, we're going to have to just basically rely upon the pleading in the complaint, which basically said that these rights were assigned not only with rights against KCI at the time, but against. So why was the why? Why was the the title policy attached to the complaint? You told me that's not the source of the assignment. Well, initially there was a subrogation claim against Casey later on. And so we had to we had to attach that as a basis for those claims. But you're telling me now that this policy is not the source of the assignment, right? It's some it's just confidential settlement. Well, it's a sign. I believe that's the strongest of the claim. To the extent that we have to rely on the subrogation claim. The only thing I wanted to add is that you're asking about the assignment claim. The only source of the assignment claim would be the confidential settlement agreement. That's correct. And you're representing that. It's not the 2007. It's not in the title insurance. The title insurance is about subrogation. That's that's correct. That's a separate subrogation. And you don't recall whether the settlement agreement has the assignment in it or not? I don't specifically recall whether the Riles-Mensch agreement with ICG was specifically incorporated into it, which does not mean that Commonwealth was free to pursue any claims that ICG had at the time. Because the subrogation. The question we have is what permits Commonwealth to pursue claims that ICG had after 2007? On the assigned claim. And that would require there be an assignment in the settlement. But the subrogation allows for additional subrogated claims outside of the policy. Any that ICG had against anything related to that property and that transaction. So your argument is that the 2007 language covers not only claims under the 2007 agreement, but any subsequent claims? Is that? That's correct. Can we go over that again? Where is that? We were just looking at A347 in that brief here. Yes. So the language shall be subrogated to and be entitled to all rights and remedies which the insured claimant would have had against any personal property in respect to the claim. So it says would have had. That's past tense. That's at least present and past, but it's not future. Where's the argument about future subrogations? I don't see it within this paragraph. OK, thank you for the questions on the bench. I will take the matter under submission.
judges: Garland, Tatel, Wilkins